MITCHELL + COMPANY
Brian E. Mitchell (SBN 190095)
*brian.mitchell@mcolawoffices.com*
Marcel F. De Armas (SBN 289282)
*mdearmas@mcolawoffices.com*
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3514
Facsimile: (415) 402-0058

Attorneys for Plaintiff
FABLETICS, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| FABLETICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LANDMARK TECHNOLOGY LLC, <br><br> Defendant. | Case No. 3:17-cv-00075 <br><br> **COMPLAINT FOR (1) DECLARATORY JUDGMENT OF INVALIDITY AND (2) DECLARATORY JUDGMENT OF NON-INFRINGEMENT of U.S. PATENT NO. 6,289,319** <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT         -1-         CASE NO. 3:17-cv-00075

Plaintiff Fabletics, LLC ("Plaintiff" or "Fabletics") files this Complaint for Declaratory Judgment of Non-Infringement and Declaratory Judgment of Invalidity of U.S. Patents No. 6,289,319 (the '319 Patent) against Defendant Landmark Technology, LLC, stating as follows:

## THE PARTIES

1. Plaintiff Fabletics is a Delaware limited liability company based in California.

2. Fabletics is an athleisure company that sells stylish women's sportswear and accessories. It is headquartered in El Segundo, California.

3. On information and belief, Defendant Landmark Technology LLC ("Landmark Technology") is a Delaware limited liability company and having its principal place of business at 329 Laurel Street, San Diego, California 92102.

4. On information and belief, PanIP, LLC was the predecessor to Landmark Technology.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1338 because the Complaint states claims arising under an Act of Congress relating to patents, 35 U.S.C. § 271.

6. This Complaint also arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* based on Defendants' accusations towards Plaintiff for patent infringement and pattern of actual litigation, thereby giving rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

7. This Court has personal jurisdiction over Landmark Technology. Upon information and belief, Landmark Technology conducts substantial business in this judicial district, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from individuals and entities in California.

8. More specifically, since September 2008, Landmark Technology has been involved in 39 lawsuits asserting the '319 Patent, of which one suit, excluding this one, have been or are being litigated in California. And as PanIP, LLC, Landmark Technology filed 17

additional lawsuits, 16 of which were in California involving the '319 Patent and other related patents.

9. As "PanIP, LLC," Landmark Technology regularly, continuously, and systematically availed itself of the California federal district courts, and repeatedly used these courts as a preferred forum for asserting the '319 Patent.

10. By its own admission, Landmark Technology files patent infringement lawsuits against companies that refuse to pay the requested sum in Landmark's licensing demand letters. *See, e.g.*, *Landmark Technology, LLC v. G Stage Love.com Inc.*, S.D. Cal. Case No. 3:16-cv-00760, Dkt. No. 1, ¶ 11 ("Plaintiff sent Defendant a letter informing Defendant of the '319 Patent that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent."); *Landmark Technology, LLC v. Canada Drugs LP*, S.D. Cal. Case No. 3:16-cv-00558, Dkt. No. 1, ¶ 11 ("On or about November 16, 2015, Plaintiff sent Defendant a letter informing Defendant of the '319 Patent that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent."); *Landmark Technology, LLC v. YOOX Corp.*, E.D. Tex. Case No. 6:15-cv-00069, Dkt. No. 1, ¶ 8 ("On or about September 19, 2014, Plaintiff provided notice to Defendant informing Defendant of the '319 Patent and that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent.").

11. Not one of the 56 lawsuits involving Landmark Technology or PanIP, LLC has made it as far as claim construction. In fact, only seven defendants have ever filed an Answer: five consolidated defendants filed answers in U.S. District Court for the Eastern District of Texas, one defendant filed its answer in U.S. District Court for Eastern District of North Carolina, and another defendant answered counterclaims in a case pending before this Court. The 48 remaining cases appear to have been resolved prior to the deadline to answer.

12. On information and belief, Landmark Technology has sent letters to numerous other companies, including numerous other companies based in California, asserting infringement of the '319 Patent and demanding payment of money.

13. On information and belief, as "PanIP, LLC," Landmark Technology has sent letters to numerous companies, including companies based in California, asserting infringement of the '319 Patent and demanding payment of money.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTUAL BACKGROUND

**A. The Patents-in-suit**

15. On September 11, 2001, U.S. Patent No. 6,289,319 (the "'319 Patent"), entitled Automatic Business and Financial Transaction Processing System, was issued.

16. The '319 Patent is directed to an automatic data processing system for processing business and financial transactions between entries from remote sites.

17. Subsequently, the '319 Patent went through two *Ex Parte* Reexaminations during which 22 new dependent claims were added. Certificates for the Ex Parte Reexaminations Issued on July 17, 2007 and January 9, 2013.

18. As a representative claim, Claim 1 of the '319 Patent claims as follows:

> 1. An automatic data processing system for processing business and financial transactions between entities from remote sites which comprises:
>
> *a central processor programmed and connected to process a variety of inquiries and orders* transmitted from said remote sites;
>
> *said central processor including:*
>
> *means for receiving information* about said transactions from said remote sites;
>
> *means for retrievably storing* said information;
>
> at least one terminal at each of said remote sites including a data processor and operational sequencing lists of program instructions;
>
> *means for remotely linking said terminal to said central processor and for transmitting data back and forth between said central processor and said terminal;*
>
> said terminal further comprising *means for dispensing* information and

services for at least one of said entities including:

a video screen;

***means for holding operational data*** including programing, informing, and inquiring sequences of data;

***means for manually entering*** information;

***means for storing information, inquiries and orders*** for said transactions entered by one of said entities via said means for manually entering information, and data received through and from said central processor;

***on-line means for transmitting*** said information, inquiries, and orders ***to said central processor***;

***on-line means for receiving data*** comprising operator-selected information and orders ***from said central processor*** via said linking means;

***means for outputting*** said informing and inquiring sequences on said video screen in accordance with preset routines and in response to data entered through said means for entering information;

***means for controlling*** said means for storing, means for outputting, and means for transmitting, including ***means for fetching*** additional inquiring sequences in response to a plurality of said data entered through said means for entering and in response to information received from said central processor;

said informing sequences including directions for operating said terminal, and for presenting interrelated segments of said operational data describing a plurality of transaction operations;

said programming sequences including ***means for interactively controlling*** the operation of said video screen, data receiving and transmitting means; and for selectively retrieving said data from said means for storing;

said means for storing comprising means for retaining said operational sequencing list and means responsive to the status of the various means for controlling their operation;

***said central processor further including:***

***means responsive to data received*** from one of said terminals for immediately transmitting selected stored information to said terminal; and

***means responsive to an order received*** from a terminal for updating data in said means for storing;

> whereby said system can be used by said entities, each using one of said terminals to exchange information, and to respond to inquiries and orders instantaneously and over a period of time.

'319 Patent, Claim 1 (emphasis added).

19. In other words, to infringe this means plus function claim, one must at the very least have a central processor programed to process data in a specific manner, such as a web server, and remote site terminals. Fabletics does not infringe Claim 1, or any other claim of the '319 Patent, for at least the following reason: Claim 1 is invalid for claiming an abstract idea.

**C. Landmark Technology's Multiple Letters Threatening Fabletics with Litigation**

20. Upon information and belief, Landmark Technology is in the business of patent licensing through the threat of litigation—commonly referred to as a patent troll.

21. Upon information and belief, a key part of Landmark Technology's business model is sending letters threatening patent litigation and following through on that threat.

22. On or about October 13, 2016, Landmark Technology sent a form letter (the "First Landmark Letter") to Don Ressler and Adam Goldenberg, Fabletics' Co-CEOs, asserting that Fabletics infringes the '319 Patent, and claims that "the specific functionalities implemented by Fabletics using [Fabletic's] servers and devices interfaced to Fabletics' web servers constitutes use of the technology taught within the meaning of Claim 1 of the '319 patent." A true and correct copy of the First Landmark Letter is attached as Exhibit A.

23. The First Landmark Letter concludes with an offer for a "non-litigation" and non-exclusive license to Landmark's patent portfolio, which includes the '319 Patent, in exchange for $45,000. Immediately following the offer, the First Landmark Letter threatens to withdraw the offer in the event of litigation to discourage Fabletics from defending itself.

24. On or about December 2, 2016, Landmark Technology sent a second form letter (the "Second Landmark Letter") to Messrs. Ressler & Goldenberg again accusing Fabletics of infringing Landmark Technology's patent rights, reminding Fabletics that the prior offer had elapsed, and offering a non-exclusive license to its patent portfolio, which includes the '319 Patent, in exchange for $45,000. The offer in the Second Landmark Letter was to expire on

December 31, 2016.  A true and correct copy of the Second Landmark Letter is attached as Exhibit B.

25. Nowhere in the Second Landmark Letter did Landmark Technology indicate that the offer was negotiable.  In fact, the Second Landmark Letter's brevity and lack of facts presents a take it or leave it—read "litigate it"—approach designed to extract a payment that would be significantly cheaper than defending a questionable patent infringement claim in court.

26. Based on a review of Complaints filed by Landmark against other, similarly situated, e-commerce companies, Landmark's infringement theory appears to be based on a claim of contributory or induce infringement.

**D. Landmark Technology's Patent Portfolio**

27. The Landmark Technology Patent Portfolio includes, but is not necessarily limited to, U.S. Patent Nos. 6,239,319 and 7,010,508.

### COUNT I – DECLARATION OF INVALIDITY
(U.S. Patent No. 6,289,319)

28. Fabletics restates and incorporates by reference the allegations in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Landmark Technology claims to have exclusive rights, title, and interest to the '319 Patent.

30. Landmark Technology has demanded that Fabletics take a license to the '319 Patent, as well as to the entire Landmark Technology Patent Portfolio.

31. Landmark Technology, or its predecessor in interest, has asserted the '319 Patent 50 of the 55 times it has been litigated.  And Landmark Technology, or its predecessor in interest, has asserted in court one or more patents from its portfolio 110 times.  Not only does this demonstrate a pattern of litigious zeal, but the fact that roughly half of Landmark Technology's patent litigation involves the '319 Patent creates a reasonable fear that Fabletics was Landmark Technology's next target.

32. Accordingly, a substantial, immediate, and real controversy exists between Fabletics and Landmark Technology regarding whether the claims of the '319 Patent are valid.

33. The claims of the '319 Patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112.

34. The claims of the '319 Patent do not constitute patentable subject matter pursuant to 35 U.S.C. § 101, and therefore are an invalid patent on an abstract idea. The '319 Patent claims the abstract idea of automated data processing of business transactions. Nothing in the claims, "transform the nature of the claims" into patent eligible subject matter. *Mayo Collaborative Services v. Prometheus Labs., Inc.*, 566 U.S. 10 (2012). Furthermore, "[t]he mere visitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

35. Additionally, the '319 Patent is invalid as anticipated pursuant to § 102 or as obvious pursuant to § 103. Prior art that renders the '319 Patent anticipated and/or obvious includes, but is not necessarily limited to:

- U.S. Patent No. 4,994,964 (Wolfberg); and
- U.S. Patent No. 6,105,007 (Norris).

36. The claims of '319 Patent are invalid because the specification does not provide any structure for the numerous means plus function clauses recited in the claims other than generic computer parts.

37. Based on Landmark Technology's letter, its threat of litigation for patent infringement, its pattern of carrying out its threat, and other characteristics typical of a patent troll, as well as Fabletics' denial of infringement, an actual case or controversy exists as to whether Fabletics infringes any valid claim of the '319 Patent, and Fabletics is entitled to a declaration that the claims of the '319 Patent are invalid.

### COUNT II – DECLARATION OF NON-INFRINGEMENT
(U.S. Patent No. 6,289,319)

38. Fabletics restates and incorporates by reference the allegations in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Landmark Technology claims to have exclusive rights, title, and interest in the '319 Patent.

40. Landmark Technology has demanded that Fabletics take a license to the '319 Patent, as well as to the entire Landmark Technology Patent Portfolio.

41. Based on Landmark Technology's letters, its repeated accusations of patent infringement, its pattern of and fondness for litigation, and Fabletics' denial of infringement, a substantial, immediate, and real controversy exists between Fabletics and Landmark Technology regarding whether Fabletics directly or indirectly infringes or has infringed the '319 Patent.  A judicial declaration is necessary to determine the parties' respective rights regarding the '319 Patent.

42. Fabletics seeks a judgment declaring that Fabletics does not directly or indirectly infringe any claim of the '319 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Fabletics respectfully prays for the following relief:

A. A declaration that Fabletics' services, systems, and practices do not infringe the '319 Patent;

B. A declaration that '319 Patent is invalid;

C. That Landmark Technology be enjoined from enforcing any Patent related to the '319 Patent against Fabletics;

D. A determination that this is an exceptional case and an award of all costs and attorneys' fees to Fabletics;

E. That Fabletics be awarded its costs of suit, and pre- and post-judgment interest on any money amount; and

F. Any other relief as this Court deems just and proper.

Dated:  January 6, 2017                              Respectfully submitted,

*/s/ Brian E. Mitchell*
Brian E. Mitchell

Brian E. Mitchell
Marcel F. De Armas
MITCHELL + COMPANY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:   (415) 766-3515
Facsimile:    (415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

Attorneys for Plaintiff
FABLETICS, LLC

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims as to which it has a right to a jury.

Dated: January 6, 2017

Respectfully submitted,

*/s/ Brian E. Mitchell*
Brian E. Mitchell

Brian E. Mitchell
Marcel F. De Armas
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:   (415) 766-3515
Facsimile:    (415) 402-0058
brian.mitchell@mcolawoffices.com
mdearmas@mcolawoffices.com

Attorneys for Plaintiff
FABLETICS, LLC