Jennifer Ishimoto, SBN 211845
John Lee, SBN 229911
Banie & Ishimoto LLP
3705 Haven Ave., #137
Menlo Park, California 94025
Telephone: 650-241-2773
Email: ishimoto@banishlaw.com

Attorneys for Defendant Landmark Technology LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABLETICS, LLC<br><br>      Plaintiff,<br><br> v.<br><br>LANDMARK TECHNOLOGY LLC.<br><br>      Defendant. | CASE NO. 3:17-cv-00075<br><br>DEFENDANT LANDMARK TECHNOLOGY LLCS' ANSWER TO FABLETICS' AMDENDED COMPLAINT AND COUNTERCLAIMS FOR INFRINGEMENT |

1

**LANDMARK TECHNOLOGY LLCS' ANSWER AND COUNTERCLAIMS TO FABLETICS' FIRST AMENDED COMPLAINT**

Defendant Landmark Technology LLC ("Landmark"), hereby answer the Amended Complaint of Fabletics, LLC ("Fabletics"), filed in the above-captioned matter on March 3, 2017, and assert affirmative defenses and counterclaims as follows:

**ANSWER TO FABLETICS' FIRST AMENDED COMPLAINT**

**GENERAL DENIAL**

Unless expressly admitted below, Landmark denies each and every allegation Fabletics has set forth in its First Amended Complaint.

**RESPONSE TO FABLETICS' SPECIFIC ALLEGATIONS**

**PARTIES**

1. Landmark lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 and can neither admit nor deny such allegations.

2. Landmark lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 and can neither admit nor deny such allegations.

3. Admitted.

4. PanIP was a separate legal entity from Landmark and on that basis Landmark denies the allegations in Paragraph 4. Landmark further notes that PanIP is not a party to this litigation.

5. Landmark notes that Mr. Lockwood is not a named party to this litigation. Landmark admits that Mr. Lockwood is the only named inventor on the '319 Patent.

6. Denied.

7. Landmark is a current registered Delaware corporation.

8. Landmark is a current registered Delaware corporation.

9. Landmark is a current registered Delaware corporation.

10. Denied.

**JURISDICTION AND VENUE**

2

Fabletics, LLC v. Landmark Technology LLC, Case No. 3:17-cv-00075
Landmark's Answer to Amended Complaint and Counterclaims

11.     Landmark admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1338.

12.     Landmark denies that it has ever threatened to sue Fabletics for patent infringement.

13.     Landmark denies that it conducts substantial business in this judicial district.

14.     Landmark admits that it has had previous litigations in various forums relating to the '319 Patent. The dockets and documents from those litigations, specifically the Complaints in the cases, speak for themselves.

15.     PanIP LLC was a separate legal entity from Landmark, and as such, Landmark denies that any letters were sent from Landmark by PanIP.

16.     PanIP LLC was a separate legal entity from Landmark, and as such, Landmark denies that any letters were sent from Landmark by PanIP.

17.     Landmark admits that it has been involved in patent litigation is the following cases: *Landmark Technology LLC v. G Stage Love.com Inc.*, S.D. Cal. Case No. 3:16-cv-0760; *Landmark Technology LLC v. Canada Drugs LP.*, S.D. Cal. Case No. 3:16-cv-0558; *Landmark Technology LLC v. YOOX Corp.*, E.D. Cal. Case No. 6:15-cv-00069. Landmark otherwise denies the allegations in paragraph 17.

18.     Landmark admits that it has had previous litigations in various forums relating to the '319 Patent. The documents and dockets of those of litigations speak for themselves.

19.     Landmark admits that it has sent letters regarding licensing of the '319 Patent to other companies.

20.     Landmark admits that PanIP LLC has sent letters regarding licensing of the '319 Patent to other companies.

21.     Landmark admits that venue is proper in this forum, but otherwise denies the allegations in paragraph 21.

## FACTUAL BACKGROUND

22.     Admitted.

23.     Admitted.

24.     Admitted.

25. Admitted.

26. Admitted

27. Landmark objects to this allegation as being overly general, as well as incomplete, and dependent on means plus function claim elements that will need to be defined during claim construction. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents.

28. Landmark denies each and every allegation contained in Paragraph 28.

29. Landmark's statements in its previous briefing speak for themselves, and therefore denies the allegations in paragraph 29.

30. Landmark's statements in its previous briefing speak for themselves, and therefore denies the allegations in paragraph 30.

31. Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to the use of this statement in Fabletics' allegation regarding infringement as being taken out of context, incomplete, and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

32. Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to this statement as being taken out of context, incomplete, and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

33. Landmark admits making the quoted statement in its opposition briefing in a related case, but otherwise denies the remainder of the allegations.

34. Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to this statement as being taken out of context, incomplete, and

4

Fabletics, LLC v. Landmark Technology LLC, Case No. 3:17-cv-00075
Landmark's Answer to Amended Complaint and Counterclaims

not applied by Fabletics to a specific claim or claim term. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

35. Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to this statement as being taken out of context and incomplete. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

36. Landmark admits making the quoted statement (without the misquoted word "allegedly") in its opposition briefing in a related case. However, Landmark objects to this statement as being taken out of context and is incomplete. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

37. Landmark admits making the quoted statement (without the misquoted word "allegedly") in its opposition briefing in a related case. However, Landmark objects to this statement as being taken out of context and is incomplete. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

38. Landmark admits that the patentee made the quoted statement during prosecution of the '319 Patent. However, Landmark objects to this statement as being taken out of context and is incomplete. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

39. Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to this statement as being taken out of context and is incomplete. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

40. Landmark objects to this statement as being taken out of context and is incomplete. Landmark further objects to this allegation as failing to take into account the doctrine of

5

equivalents.  Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

41.  Landmark objects to this statement as being taken out of context, incomplete and not applied by Fabletics to a specific claim or claim term.  Landmark further objects to this allegation as failing to take into account the doctrine of equivalents.  Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

42.  Landmark admits making the quoted statement in its opposition briefing in a related case (apart from certain apparent typographical errors).  However, Landmark objects to this statement as being taken out of context, incomplete, and not applied by Fabletics to a specific claim or claim term.  Landmark further objects to this allegation as failing to take into account the doctrine of equivalents.  Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

43.  Landmark admits that the quoted phrases are part of Claim 1 and states that the claims speak for themselves and otherwise denies the allegations in paragraph 30.

44.  Landmark objects to this statement as being taken out of context and incomplete.  Landmark further objects to this allegation as failing to take into account the doctrine of equivalents.  Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

45.  Landmark objects to this statement as being taken out of context and incomplete.  Landmark further objects to this allegation as failing to take into account the doctrine of equivalents.  Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

46.  Landmark objects to this statement as being taken out of context, incomplete, and not applied by Fabletics to a specific claim element, or term.  Landmark further objects to this allegation as failing to take into account the doctrine of equivalents.  Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

47.     Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to the use of this statement in Fabletics' allegation regarding infringement as being taken out of context, incomplete, and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

48.     Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to the use of this statement in Fabletics' allegation regarding infringement as being taken out of context and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

49.     Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to the use of this statement in Fabletics' allegation regarding infringement as being taken out of context and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents.   Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

50.     Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to the use of this statement in Fabletics' allegation regarding infringement as being taken out of context and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

51.     Denied, as the requirements of the patent are found in the individual claims. Landmark objects to this allegation as being overly general, as well as incomplete, and dependent on means plus function claim elements that will need to be defined during claim construction.

Landmark further objects to this allegation as failing to take into account the doctrine of equivalents.

52. Landmark admits making the quoted statement (apart from the bracketed additions) in its opposition briefing in a related case. However, Landmark objects to the use of this statement in Fabletics' allegation regarding infringement as being taken out of context and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents.

53. Landmark admits making the quoted statement (apart from the bracketed additions) in its opposition briefing in a related case. However, Landmark objects to the use of this statement in Fabletics' allegation regarding infringement as being taken out of context and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

54. Landmark admits that the patentee made the quoted statement during prosecution of the '319 Patent. However, Landmark objects to this statement as being taken out of context and incomplete. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

55. Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to this statement as being taken out of context, incomplete, and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

56. Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to this statement as being taken out of context, incomplete, and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

8

Fabletics, LLC v. Landmark Technology LLC, Case No. 3:17-cv-00075
Landmark's Answer to Amended Complaint and Counterclaims

57. Denied.

58. Landmark admits that, during prosecution, the patentee stated that "the claims do not merely recite the use of 'conventional hardware'" as of the priority filing date (January 28, 1986) in order to overcome a § 101 rejection. However, Landmark objects to this statement as being taken out of context of what was "conventional hardware" as of January 28, 1986, and not applied to a specific claim or claim term. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

59. Landmark admits making the quoted statement in its opposition briefing in a related case. However, Landmark objects to this statement as being taken out of context and incomplete. Based on these objections, besides what is specifically admitted, Landmark denies the remainder of the allegation.

60. Landmark objects to this allegation as failing to take into account the doctrine of equivalents. Based on this objection, Landmark denies the remainder of the allegation.

61. Landmark objects to this statement as being incomplete and not applied by Fabletics to a specific claim or claim term. Landmark further objects to this allegation as failing to take into account the doctrine of equivalents. Based on these objections, Landmark denies the remainder of the allegation.

62. Denied.

63. Landmark objects to being referred to as a "patent troll" for simply protecting its patent rights.

64. Landmark denies the characterization that it threatens litigation.

65. Landmark admits that it sent a letter to Fabletics on October 13, 2016, and that a true and correct copy of that letter was attached to Fabletics' Amended Complaint as Exhibit A. The contents of that letter speak for itself.

66. Landmark admits that it sent a letter to Fabletics on October 13, 2016, and that a true and correct copy of that letter was attached to Fabletics' Amended Complaint as Exhibit A. The contents of that letter speak for itself.

67. Landmark admits that it sent a letter to Fabletics on December 2, 2016, and that a true and correct copy of that letter was attached to Fabletics' Amended Complaint as Exhibit B. The contents of that letter speak for itself.

68. Landmark admits that it sent a letter to Fabletics on December 2, 2016, and that a true and correct copy of that letter was attached to Fabletics' Amended Complaint as Exhibit B. The contents of that letter speak for itself.

69. Landmark denies each and every allegation contained in Paragraph 69.

70. Landmark admits that U.S. Patents Nos. 6,239,319 and 7,010,508 are two patents that it has the rights to license.

## COUNT 1 – DECLARATION OF INVALIDITY

71. Landmark repeats and realleges its responses to Paragraphs 1 through 27 above as if fully set forth herein.

72. Landmark admits that it is the exclusive licensee to a number of patents, which were invented and are owned by Lawrence B. Lockwood, including the U.S. Patent No. 6,289,319. Landmark's exclusive license includes the right for Landmark to litigate and defend the patents in litigation.

73. Landmark admits that it has sent letters to Fabletics that were attached to the Complaint as Exhibits A and B. Those letters speak for themselves. Landmark otherwise denies the allegations.

74. Landmark admits that it has had previous litigations in various forums relating to the '319 Patent. The documents and dockets of those of litigations, specifically the Complaints in the cases speak for themselves. Landmark otherwise denies the allegations of Paragraph 74.

75. Landmark denies each and every allegation contained in Paragraph 75.

76. Landmark denies each and every allegation contained in Paragraph 76.

77. Landmark denies each and every allegation contained in Paragraph 77.

78. Landmark denies each and every allegation contained in Paragraph 78.

79. Landmark denies each and every allegation contained in Paragraph 79.

80. Landmark denies each and every allegation contained in Paragraph 80.

## COUNT 2 – DECLARATION OF NON-INFRINGEMENT

81. Landmark repeats and realleges its responses to Paragraphs 1 through 80 above as if fully set forth herein.

82. Landmark admits that it is the exclusive licensee to a number of patents, which were invented and are owed by Lawrence B. Lockwood, including the U.S. Patent No. 6,289,319. Landmark's exclusive license includes the right for Landmark to litigate and defend the patents in litigation.

83. Landmark admits that it has sent letters to Fabletics that were attached to the Amended Complaint as Exhibits A and B. Those letters speak for themselves. Landmark otherwise denies the allegations.

84. Landmark denies each and every allegation contained in Paragraph 84.

85. Landmark denies each and every allegation contained in Paragraph 85.

## PRAYER FOR RELIEF

Landmark denies each and every allegation contained in the Prayer for Relief, including the any of the relief Fabletics seeks in subparts A through F.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's allegations of patent invalidity are insufficient and fail to state a cause of action.

### Second Affirmative Defense

Plaintiff's allegations of patent unenforceability are insufficient and fail to state a cause of action.

**Third Affirmative Defense**

Plaintiff's allegations of patent non-infringement are insufficient and fail to state a cause of action.

**LANDMARK'S COUNTERCLAIMS**

Plaintiff Landmark Technology, LLC ("Landmark"), for its Counterclaims against Fabletic, LLC ("Counterclaim-Defendant" or "Fabletics"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Fabletics because Fabletics has transacted and is transacting business in the Northern District of California that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action. On information and belief, Fabletics is headquartered in San Francisco, California.

4. Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Fabletics has done business and committed infringing acts and continues to do business and to commit infringing acts.

**PARTIES**

5. Plaintiff Landmark Technology, LLC ("Landmark") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 329 Laurel, San Diego, CA 92102.

12

Fabletics, LLC v. Landmark Technology LLC, Case No. 3:17-cv-00075
Landmark's Answer to Amended Complaint and Counterclaims

6. Landmark is informed and believes, and on that basis alleges, that Fabletics is a Delaware limited liability company headquartered in El Segundo, California. Landmark is further informed and believes, and on that basis alleges, that Fabletics is in the business of women's sportswear and accessories, and derives a significant portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, the Internet website located at http://www.fabletics.com (the "Website") and/or the Fabletics functionality found at https://www.Fabletics.com/shop/checkout/cart, and incorporated and/or related systems. Landmark is informed and believes, and on that basis alleges, that, at all times relevant hereto, Fabletics has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Fabletics Website.

## FACTS

7. On September 11, 2001, United States Patent No. 6,289,319 entitled "Automated Business and Financial Transaction Processing System" was duly and legally issued to Lawrence B. Lockwood as inventor. A true and correct copy of United States Patent No. 6,289,319 is attached hereto as Exhibit A and incorporated herein by this reference.

8. Specifically, the '319 Patent claims a novel automatic data processing system, including an interactive multimedia terminal capable of providing a video-based user interface while both dynamically sending and fetching remote information in order to fetch new inquiring sequences for the user. Terminals prior to the invention claimed in the '319 Patent were incapable supporting an interactive video presentation while at the time sending and fetching information to and from remote locations; attempting to perform these functions at the same time on prior art terminals would have resulted in the congestion of their systems, rendering them virtually inoperable.

9. To solve these issues, the '319 Patent introduced a novel hardware improvement in the claimed terminal. As demonstrated in Figure 2 of the '319 Patent, a DMA unit was positioned independently along its own information handling connection within the terminal, unlike the

13

Fabletics, LLC v. Landmark Technology LLC, Case No. 3:17-cv-00075
Landmark's Answer to Amended Complaint and Counterclaims

systems of the prior art. This hardware architecture enabled a higher level of interactivity and personalization of user transactions.

10. Following a reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C1, on July 17, 2007, confirming the validity of all six (6) original claims and allowing twenty-two (22) additional claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C1 is attached hereto as Exhibit B and incorporated herein by this reference.

11. Following a second reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C2, on January 31, 2013, confirming the validity of all twenty eight (28) original claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C2 is attached hereto as Exhibit C and incorporated herein by this reference (United States Patent No. 6,289,319, together with the additional claims allowed by Ex Parte Reexamination Certificate, Number US 6,289,319 C1, and reaffirmed by Ex Parte Reexamination Certificate, Number US 6,289,319 C2 shall hereinafter be referred to as the "'319 Patent.")

12. On September 1, 2008, Lockwood licensed all rights in the '319 Patent to Landmark. Landmark is the exclusive licensee of the entire right, title and interest in and to the '319 Patent, including all rights to enforce the '319 Patent and to recover for infringement. The '319 Patent is valid and in force.

13. On or about October 13, 2016, Landmark sent Fabletics a letter informing Fabletics of the '319 Patent that Fabletics' actions, as more fully described below, constituted infringement of the '319 Patent.

14. As more fully laid out below, Fabletics has been and is now infringing the '319 Patent, in this judicial district and elsewhere, by providing its products/services using electronic transaction systems, which, individually or in combination, incorporate and/or use subject matter claimed by the '319 Patent.

14

Fabletics, LLC v. Landmark Technology LLC, Case No. 3:17-cv-00075
Landmark's Answer to Amended Complaint and Counterclaims

## FIRST CLAIM FOR RELIEF

**(Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a))**

15. Landmark refers to and incorporates herein by reference paragraphs 1-14.

16. Fabletics has directly infringed, and continues to directly infringe, at least Claims 1, 3, 7, 8, 9, 11, and/or 18 of the '319 Patent in this judicial district and elsewhere in California and the United States, through the sales and distribution via electronic transactions conducted on and using at least, but not limited to, its website located at http://www.fabletics.com.

17. The claims of the '319 Patent relate to "an automated data processing system for processing business and financial transactions between entities from remote sites" comprising a variety of features.

18. The Fabletics functionality referenced above is "an automated data processing system for processing business and financial transactions between entities from remote sites" practicing the claims of the '319 Patent.

19. By way of example only, and without limitation, Fabletics' Website, functionality and supporting server infringes at least Claims 1, 3, 7, 8, 9, 11, and/or 18 of the '319 Patent in that, the Fabletics' Website, functionality and supporting server, and/ provide a system that practices all of the limitations of the claims and on which Fabletics processes business information and places purchase orders, including:

   a. The functionality and supporting server is an automatic data processing system for processing business and financial transactions between entities from remote sites running the Fabletics' functionality which is in communication with the Fabletics' server.

   b. The Fabletics' system includes a central processor (the server and its supporting systems) programmed and connected to process a variety of inquiries and orders transmitted from the Fabletics' functionality running at said remote sites. Fabletics' system allows for a broad range of transactions, thus a range of orders are possible. The system processes a "variety of inquiries and orders," such as inquiries regarding order history and order status, and the placement of orders for products.

   c. The system is operated through a terminal (e.g., the Fabletics' computer(s) at each of said remote sites), which terminal includes a data processor and operates in response to operational sequencing lists of program instructions (the code constituting the transaction systems). That terminal includes a DMA positioned independently its own information handling connection, or its equivalent.

   d. The system fetches additional inquiring sequences in response to a plurality of data entered through a keyboard and in response to information received from the central processor. For example, the Website asks the user to enter a new email address or password when those that were entered do not match those stored remotely.

   e. The server of the System and Fabletics' computerized station(s), together with software, practice all of the remaining limitations of Claim 1, 3, 7, 8, 9, 11, and/or 18 of the '319 Patent. Fabletics' Website, functionality and server, and incorporated and/or related systems, put the invention into service.

   20. Fabletics' Website exerts control over the transactions placed via the claimed terminal. For example, as explained at https://secure.fabletics.com/privacy.htm, Fabletics' Website places cookies stored at the terminal that allow users "to take advantage of some of the Site's features."

   21. Fabletics, on information and belief, is also engaged in internal use of the claimed system, by developing and testing versions of its Website on its own servers. As illustrated at http://job-openings.monster.com/monster/c6cb8f40-cd72-4977-a633-b24661472c44?mescoid=1500127001001&jobPosition=8, Fabletics is actively soliciting software engineers "to help build and maintain systems that support our web, data, and mobile technology," whose duties include "design[ing] and develop[ing] components written in ColdFusion and Java with multiple web servers."

   22. Fabletics, therefore, by the acts complained of herein, is making, using, selling, or offering for sale in the United States, including in the Northern District of California, products

16

Fabletics, LLC v. Landmark Technology LLC, Case No. 3:17-cv-00075
Landmark's Answer to Amended Complaint and Counterclaims

and/or services embodying the invention, and has in the past and is now continuing to infringe the '319 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

23. Fabletics threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Landmark's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford Landmark adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Landmark does not have an adequate remedy at law to compensate it for the injuries threatened.

24. By reason of the acts of Fabletics alleged herein, Landmark has suffered damage in an amount to be proved at trial.

25. Landmark is informed and believes, and on that basis alleges, that the infringement by Fabletics is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Landmark to attorneys' fees and enhanced damages.

**SECOND CLAIM FOR RELIEF**

**(Inducing Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(b))**

26. Landmark refers to and incorporates herein by reference paragraphs 1-21.

27. Landmark is informed and believes, and on that basis alleges, that Fabletics has actively and knowingly induced infringement of the '319 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers to utilize their own device in combination with https://www.Fabletics.com and https://www.Fabletics.com/shop/checkout/cart, and incorporated and/or related systems, to search for and order information and products from www.Fabletics.com in such a way as to infringe the '319 Patent.

28. For example, Fabletics through its Website's "Terms of Service" at http://www.fabletics.com/terms.htm is inducing its customers to infringe the '319 Patent, requiring them to use the Website or else "be charged an automatic monthly membership fee."

29. By reason of the acts of Fabletics alleged herein, Landmark has suffered damage in an amount to be proved at trial.

30. Fabletics threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Landmark's irreparable injury. Landmark does not have an adequate remedy at law.

31. Landmark is informed and believes, and on that basis alleges, that the infringement by Fabletics is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Landmark to attorneys' fees and enhanced damages.

## JURY DEMAND

Landmark demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Landmark prays for relief as follows:

A. Judgment that Fabletics has directly infringed, and induced others to infringe, the '319 Patent either literally and/or under the doctrine of equivalents;

B. Judgment that Fabletics' infringement of the '319 Patent has been willful;

C. Judgment permanently enjoining Fabletics, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '319 Patent, and from inducing others to infringe the '319 Patent;

D. Judgment awarding Landmark general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Fabletics' profits or gains of any kind from its acts of patent infringement;

E. Judgment awarding Landmark enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Fabletics' infringement;

18

Fabletics, LLC v. Landmark Technology LLC, Case No. 3:17-cv-00075
Landmark's Answer to Amended Complaint and Counterclaims

     F.     Judgment awarding Landmark all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

     G.     Judgment awarding Landmark pre-judgment and post-judgment interest; and

     H.     Judgment awarding Landmark such other and further relief as the Court may deem just and proper.

Dated: March 17, 2017

Respectfully submitted,

BANIE & ISHIMOTO LLP

By /s/ Jennifer L. Ishimoto
Jennifer L. Ishimoto
John A. Lee

Attorneys for Plaintiff
Landmark Technology, LLC

## DEMAND FOR JURY TRIAL

Landmark demands a jury trial on all claims as to which it has a right to a jury trial.

Dated:  March 17, 2017

Respectfully submitted,

BANIE & ISHIMOTO LLP

By /s/ Jennifer L. Ishimoto
Jennifer L. Ishimoto
John A. Lee

Attorneys for Plaintiff
Landmark Technology, LLC

20

Fabletics, LLC v. Landmark Technology LLC, Case No. 3:17-cv-00075
Landmark's Answer to Amended Complaint and Counterclaims